**State of Vermont**
**Superior Court — Environmental Division**

=======================================================================

# ENTRY REGARDING MOTION

=======================================================================

**In re Hartland Group RE Dev., LLC (Completion Extension)**          Docket No. 94-7-11 Vtec
**(Appeal from City of Burlington Development Review Board decision)**

Title: Motion for Permission to Supplement Pleadings and to Set Aside Dismissal (Filing No. 5)
Filed: November 8, 2011
Filed By: Appellants Alan A. Bjerke and Edward Winant
Response in opposition filed on 11/23/11 by Appellee Hartland Group Real Estate Dev., LLC

___ Granted                    X  Denied                    ___ Other

Alan Bjerke and Edward Winant ("Appellants") appealed a decision of the City of Burlington Development Review Board ("the DRB") granting Hartland Group Real Estate Development, LLC ("Hartland") a second one-year extension of time to complete construction of a project in Burlington, Vermont. By Entry Order dated November 1, 2011, this Court concluded that Appellants had failed to present the minimum showing necessary for the Court to conclude that Appellants had standing to maintain this appeal. The Court therefore granted the dismissal requested by Hartland, thereby disposing of this appeal.

Appellants have now filed a request for permission to supplement their prior filings made in response to Hartland's motion to dismiss and ask that the Court set aside its prior dismissal and allow their appeal to proceed. In support of their request, Appellants admit that they "overlooked" their obligation to present some evidence as to an essential standing requirement found in 24 V.S.A. § 4465(b)(3): the requirement that, to have standing, a person must "demonstrate a physical or environmental impact on the person's interest [that is protected] under the criteria reviewed."

Appellants assert that their failure to make this showing when responding to Hartland's dismissal request should be regarded as "excusable neglect," that the Court should consider their supplemental showing (an alleged decrease in Appellant Bjerke's 2009 property tax assessment, alleged to be caused by Hartland's proposed neighboring development), and that the Court should now conclude that Appellants have standing to maintain this appeal. For the reasons detailed below, the Court **DENIES** Appellants' motion and leaves undisturbed the prior dismissal of their appeal.

Before addressing Appellants' pending motion, we believe it important to frame the procedural context to the now-dismissed appeal.[1] In 2004, Hartland first presented its plans for the adaptive reuse of an existing industrial warehouse and new construction to house twenty-five new residential condominiums, an enclosed parking area, and a retail café. Hartland's former warehouse is located at 237 North Avenue in the City of Burlington, which is located in a Residential Medium Density Zoning District; the former warehouse then represented a pre-existing use that did not conform to the current zoning regulations.

---

[1] The facts recited here are detailed in the decisions of this Court and the Vermont Supreme Court, cited below.

On June 10, 2005, the DRB granted a zoning permit to Hartland for its adaptive reuse project. Appellants here, joined by several of their concerned neighbors, appealed that determination to this Court, which ultimately ruled in Hartland's favor by a Decision and Order dated August 31, 2007. See In re Hartland Group, 237 No. Ave. Project, No. 120-6-05 Vtec (Vt. Envtl. Ct. Aug. 31, 2007) (Wright, J.). The neighboring landowners, including Appellants here, thereafter appealed this Court's judgment to the Vermont Supreme Court, and the Supreme Court affirmed the approval of Hartland's project. See In re Hartland Group N. Ave. Permit, 2008 VT 92, 184 Vt. 606.

Hartland began work on its project within a year after the Supreme Court issued its 2008 decision. However, when it became apparent that Hartland's work would not be completed within the permit timelines, Hartland sought a one-year extension of the time limits for completion of construction. The DRB granted the extension request on June 23, 2010. No appeal was taken from this first timeline extension approval.

When it became apparent that Hartland's project work would not be completed by the extended deadline, Hartland requested a second one-year extension of its construction completion timeline under the previously issued permit. The DRB granted this second one-year extension request on June 22, 2011; Appellants thereafter filed the above-referenced appeal with this Court. Appellants filed their Statement of Questions on August 1, 2011.

This Court held its initial conference on August 22, 2011 and issued its initial Scheduling Order on August 31, 2011. The parties advised the Court at the initial conference that they anticipated filing motions for summary judgment that could dispose of their dispute, and the Court established a timeline for the filing of pre-trial motions in its August 31, 2011 Scheduling Order. Pursuant to that Order, Hartland filed a motion that included three prayers for relief: (1) dismissal of the appeal due to Appellants' lack of standing; (2) summary judgment, based upon Hartland's assertion that the terms of the underlying permit were not at issue in the timeline extension application; and (3) as an alternative request, dismissal of the second of two Questions from Appellants' Statement of Questions, given that the Question improperly asked this Court, in the course of its de novo review, to rule that the DRB's actions were improper.

Appellants filed their own summary judgment motion but did not file a reply to Hartland's motion. The Court then considered the pending motions, conducted its own research, and issued three Entry Orders on November 1, 2011. In the first of these three Entry Orders, the Court concluded that because Appellants had not made any showing under the second party status criteria of 24 V.S.A. § 4465(b)(3), Appellants failed to establish that they had standing and their appeal therefore must be dismissed. As a consequence of this dismissal, the Court addressed Hartland's and Appellants' summary judgment requests in the two remaining Entry Orders by concluding that those motions were moot.

Appellants assert that they were "surprised" by Hartland's dismissal request within its September 9, 2011 motion and that their failure to respond should be regarded as "excusable neglect." With this characterization of their actions in mind, we understand Appellants' post-judgment motion to be in the nature of a request pursuant to V.R.C.P. 59(e) to alter or amend a judgment. But our Supreme Court has explained that our authority to alter or amend a judgment due to mistake, inadvertence, or excusable neglect is limited to instances where the trial court acknowledges its own mistakes, not those of a party, and that the judgment alternation is necessary to avoid "manifest injustice." See N. Sec. Ins. Co. v. Mitec Elecs., Ltd., 2008 VT 96, ¶¶ 41–42, 184 Vt. 303.

Even if we were authorized to alter a judgment due to the mistake or neglect of a party, and we have found no legal authority to do so, we would decline to grant such relief here. First, we note that Appellants chose not to file an opposition to Hartland's motion, but rather relied solely upon their own summary judgment motion. Second, while we note that Appellants were obligated to file any opposition to Hartland's motion by September 26, 2011 (as noted in the Scheduling Order of August 31, 2011), the Court did not render its decisions on the pending motions until November 1, 2011. Appellants could have, but did not, file a request for an extension of time either before September 26, 2011 or at any time prior to the Court's November 1, 2011 Entry Orders.

Even despite these deficiencies in Appellants' arguments, we have reviewed the summary of additional evidence they offer in support of their request that the Court vacate its dismissal. We find Appellants' offer unavailing. Appellants present a generalized assertion that they will suffer a physical or environmental impact from the Hartland project. In support of this generalized assertion, they assert that a reduction in the assessed grand list value of Appellant Bjerke's neighboring property is attributable to the prospect of Hartland's development.

Appellants' assertion misses the sole focus of the appealed application. We were not charged with determining whether the Hartland project conforms to the applicable provisions of the City of Burlington Comprehensive Development Ordinance ("the Ordinance"); that determination was already rendered by the Vermont Supreme Court in 2008, as noted above. Subsequent to the Supreme Court determination, Hartland was issued a zoning permit for its project (#05-401CA/MA). Since that permit has not been appealed, it has become final. See 24 V.S.A. § 4472(d) (one who fails to appeal a municipal land use decision "shall be bound by that decision . . . and shall not thereafter contest, either directly or indirectly, the decision").

Thus, our review in this appeal is limited to determining whether the Ordinance allows for the timeline extension request sought by Hartland. See Ordinance § 3.2.9 (concerning time limits on zoning permits and their extension). Appellants' concerns appear to be continuing objections to the now-final Hartland zoning permit; they do not provide objections to the extension of time request, but rather only to the project as previously approved.

For these reasons, we must **DENY** Appellants' pending motion. The November 1, 2011 Entry Order dismissing Appellants' appeal remains unaltered. Hartland's request for an extension of the timeline for construction completion shall run from the date our determination here becomes final (i.e., thirty days from today, or at the finality of any appeal properly taken).

_____
Thomas S. Durkin, Judge

_____March 1, 2012_____
Date

==============================================================================

Date copies sent to: _____    Clerk's Initials _____

Copies sent to:

   Alan A. Bjerke, Attorney for himself as Appellant and Appellant Edward Winant

   Brian S. Dunkiel, Attorney for Appellee Hartland Group Real Estate Development, LLC

   Geoffrey H. Hand, Co-counsel for Appellee Hartland Group Real Estate Development, LLC

   Elizabeth H. Catlin, Co-counsel for Appellee Hartland Group Real Estate Development, LLC

   Kimberlee J. Sturtevant, Attorney for Interested Person City of Burlington